# EXHIBIT A



# Service of Process Transmittal
07/09/2018
CT Log Number 533660540

**TO:** Larissa Oliver
Kindred Healthcare, Inc.
680 S 4th St
Louisville, KY 40202-2412

**RE:** Process Served in California

**FOR:** Kindred Healthcare Operating, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Rahje Parker, Pltf. vs. Kindred Healthcare Operating, Inc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s) |
| **COURT/AGENCY:** | San Bernardino County - Superior Court - San Bernardino, CA<br>Case # CIVDS1816331 |
| **NATURE OF ACTION:** | Medical Injury |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/09/2018 at 15:00 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Justin E D Daily<br>Daily Aljian LLP<br>100 Bayview Circle Ste 5500<br>Newport Beach, CA 92660<br>949-861-2524 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/10/2018, Expected Purge Date: 07/15/2018<br><br>Image SOP<br><br>Email Notification, Larissa Oliver larissa_oliver@kindredhealthcare.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of 1 / AS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

7-11-18 3:00p

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

KINDRED HEALTHCARE OPERATING, INC. and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RAHJE PARKER

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUN 28 2018

BY _____
JACQUELINE HARNESS, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Bernardino District - Civil Division
247 West Third Street
San Bernardino, CA 92415-0210

CASE NUMBER:
*(Número del Caso):*
CIVDS1816331

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Justin E. D. Daily; Daily Aljian LLP; 100 Bayview Circle, Suite 5500, Newport Beach, CA 92660; 949.861.2524

DATE: **JUN 28 2018**        Clerk, by **JACQUELINE HARNESS**, Deputy
*(Fecha)*                       *(Secretario)*                            *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]  COPY

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Kindred Healthcare Operating, Inc.

   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

DAILY ALJIAN LLP
Justin E. D. Daily (State Bar No. 209772)
 jd@dallp.com
Debra Garfinkle (State Bar No. 153539)
 dg@dallp.com
100 Bayview Circle, Suite 5500
Newport Beach, CA 92660
Telephone: 949.861.2524
Facsimile: 949.269.6364

Attorneys for Plaintiff,
RAHJE PARKER

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUN 28 2018

BY _____
JACQUELINE HARNESS, DEPUTY

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SAN BERNARDINO

| | |
|---|---|
| RAHJE PARKER<br><br>        Plaintiff,<br><br>v.<br><br>KINDRED HEALTHCARE OPERATING, INC. and DOES 1 through 50, inclusive,<br><br>        Defendant(s). | CASE NO. CIVDS1816331<br><br>**COMPLAINT FOR DAMAGES:**<br>1. Failure to Pay Overtime;<br>2. Failure to Provide Meal Periods;<br>3. Failure to Provide Rest Periods;<br>4. Waiting Time Penalties;<br>5. Failure to Provide Accurate Wage Statements; and<br>6. Unfair Business Practices in Violation of Business & Professions Code §§ 17200 et seq.<br><br>**JURY TRIAL REQUESTED** |

COMPLAINT

Plaintiff RAHJE PARKER ("Plaintiff" or "Mr. Parker") hereby brings this Complaint against Defendant KINDRED HEALTHCARE OPERATING, INC ("Kindred"), and DOES 1 through 50, inclusive (collectively referred to herein as "Defendants") and alleges as follows:

## PARTIES, VENUE, AND GENERAL ALLEGATIONS

1. Plaintiff is, and at all relevant times herein has been, an individual residing in California.

2. Plaintiff is informed, believes, and thereon alleges that Kindred is a Delaware corporation authorized to do business, and doing business, in California in San Bernardino County.

3. The acts and/or omissions herein complained of all occurred in San Bernardino County, California.

4. At all times material hereto, Defendants were employers in the State of California and subject to the California Labor Code ("Labor Code"), applicable Industrial Welfare Commission Wage Orders ("IWC Wage Orders"), and applicable state or federal statute, rule or regulation.

5. At all times material to this Complaint, Plaintiff was an employee of Defendants, and each of them.

6. The true names and capacities, whether a corporation, agent, individual, or otherwise, of defendants DOES 1 through 50, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Each defendant designated herein as a DOE is negligently or otherwise legally responsible in some manner for the events and happenings referred to herein and thereby proximately caused injuries and damages to Plaintiff as alleged herein. Plaintiff will seek leave of Court to amend this Complaint to show their names and capacities when the same have been ascertained.

7. At all times mentioned herein, DOES 1 through 50, were the agents, representatives, employees, successors and/or assigns of Defendants and at all times

- 1 -
COMPLAINT

pertinent hereto were acting within the course and scope of their authority as such agents, representatives, employees, successors and/or assigns.

8. Plaintiff is informed, believes, and thereon alleges that at all times material hereto, Defendants and its agents, employees, alter egos, and/or joint ventures were acting within the course and scope of such agency, employment, joint venture, or concerted activity.

9. Plaintiff is informed, believes, and thereon alleges that at all relevant times herein mentioned Defendants are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California. Defendants own and operate a hospital located in Ontario, California, in the County of San Bernardino. As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to the Labor Code and the IWC Wage Orders.

10. Pursuant to California Code of Civil Procedure § 395(a) and/or 395.5, venue is proper in the above-entitled Court, because all Defendants do business in San Bernardino County and all acts and omissions giving rise to the causes of action stated herein occurred or arose in San Bernardino County.

11. Plaintiff is informed, believes, and thereon alleges that the Defendants committed other wrongful acts or omissions of which Plaintiff is presently unaware. Plaintiff shall conduct discovery to identify said wrongful acts, and will seek leave of Court to amend this Complaint to add said acts upon discovery.

## FACTS COMMON TO ALL CAUSES OF ACTION

12. Mr. Parker worked for Kindred as a respiratory therapist from March 2012 through July 7, 2017.

13. During his employment with Kindred, Mr. Parker frequently worked overtime hours but did not receive overtime pay for the additional work.

14. In addition, during his employment with Kindred, Mr. Parker was not provided with uninterrupted meal or rest breaks, relieved of all work duties, as required by

- 2 -
COMPLAINT

law. In particular, Mr. Parker was seldom permitted to take any of his 2 or 3 earned 10-minute rest breaks per day, and when he was allowed a break, he was required to remain available and on call should the need for his services arise. Therefore, Mr. Parker was not provided any uninterrupted rest breaks, removed of all of his work duties.

15. In addition, during his employment with Kindred, when Mr. Parker took his meal periods, he was forced to clock out but remain available if needed. In fact, Mr. Parker was frequently called back to duty and performed off-the-clock work during his meal periods. Mr. Parker was not compensated for meal periods that he worked through, had interrupted, were missed or cut short.

## FIRST CAUSE OF ACTION

### Failure to Pay Overtime Compensation

### (Against Defendant and DOES 1-25)

16. Plaintiff hereby incorporates by reference the allegations in the above paragraphs as though fully set forth herein.

17. The applicable IWC Wage Order and Labor Code § 510, *et seq*, require employers such as Defendants to pay overtime wages to all non-exempt employees. Throughout Plaintiff's employment with Defendants, Plaintiff worked overtime hours but was not paid his full overtime wages. As such, Defendants have violated both the daily and the weekly overtime pay requirements under California law.

18. During Plaintiff's employment with Defendants, Defendants have engaged in a regular practice of willfully, unfairly and unlawfully depriving employees of their right to premium overtime compensation. At all times alleged herein, Plaintiff was employed by Defendants. At no time during his employment with Defendants did Plaintiff meet any test for "exempt" status under California law.

19. As a direct and proximate cause of Defendants' wrongful conduct, Plaintiff has sustained and will continue to sustain damages in the amount of unpaid overtime premiums, together with interest thereon, attorney's fees and costs of suit. Plaintiff is

entitled to the unpaid balance of wages owed, penalties plus interest, and reasonable attorney's fees and costs of suit, in an amount to be determined at trial according to proof.

### SECOND CAUSE OF ACTION
### Failure to Provide Meal Periods
### (Against Defendant and DOES 1-25)

20. Plaintiff hereby incorporates by reference the allegations in the above paragraphs as though fully set forth herein.

21. Labor Code § 512(a) and applicable IWC Wage Orders prohibit employers from employing any person for a work period of more than five hours without a meal period of not less than thirty uninterrupted minutes. Further, employers may not employ an employee for a work period of more than ten hours per day without a second meal period of not less than thirty minutes.

22. Plaintiff regularly was required to work through, miss, or have his lunches cut short or interrupted. Defendants' unreasonable work demands created a culture and work environment that prohibited Plaintiff from taking a proper off duty meal break.

23. Defendants have willfully, unfairly, fraudulently or unlawfully failed to authorize or permit Plaintiff to take meal periods pursuant to Labor Code § 512(a). As a result, Defendants are liable to Plaintiff for premium compensation of one hour of pay at the employee's regular rate for each workday that the meal period was not authorized or permitted pursuant to Labor Code § 226.7, in a total amount to be proven at trial according to proof.

### THIRD CAUSE OF ACTION
### Failure to Provide Rest Periods
### (Against Defendant and DOES 1-25)

24. Plaintiff hereby incorporates by reference the allegations in the above paragraphs as though fully set forth herein.

25. California law and applicable IWC Wage Orders require employers to authorize and permit all employees to take uninterrupted rest periods. The rest period

- 4 -

time is based on the total hours worked daily at the rate of ten minutes net rest time per four hours or major fraction thereof.

26. Plaintiff routinely worked for Defendants in shifts in excess of eight hours, but was not authorized or permitted or fully relieved of all duties to take rest periods. Defendants have willfully, unfairly, fraudulently or unlawfully failed to authorize or permit Plaintiff to take rest periods pursuant to California law.

27. As a result, Defendants are liable to Plaintiff for premium compensation of one hour of pay at the employee's regular rate for each workday that the rest period was not authorized or permitted pursuant to Labor Code § 226.7, in a total amount to be determined at trial according to proof.

## FOURTH CAUSE OF ACTION

### Waiting Time Penalties

### (Against Defendant and DOES 1-25)

28. Plaintiff hereby incorporates by reference the allegations in the above paragraphs as though fully set forth herein.

29. Labor Code § 201 requires that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately. Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge as required pursuant to Labor Code § 201, the employer is liable to the employee for penalties.

30. At the time of Plaintiff's termination of employment, Plaintiff had unpaid wages, overtime wages, and premium pay for missed meal periods and rest periods outstanding.

31. Defendants have willfully, unfairly, fraudulently, or unlawfully failed to pay Plaintiff compensation owed upon termination of employment pursuant to Labor Code § 201. Plaintiff's employment with Defendants terminated on or about July 7, 2017, but Defendants failed to pay Plaintiff all of the unpaid wages and compensation due at the time of termination. As a result, Defendants are liable to Plaintiff for waiting time

penalties pursuant to Labor Code § 203 in an amount to be determined at trial, according to proof.

## FIFTH CAUSE OF ACTION

### Failure to Provide Accurate Wage Statements

### (Against Defendant and DOES 1-25)

32. Plaintiff hereby incorporates by reference the allegations in the above paragraphs as though fully set forth herein.

33. Labor Code § 226(a) requires employers, at the time of each payment of wages, to furnish each employee with an accurate statement itemizing, among other things: (1) gross wages earned; (2) the total hours worked by the employee; (3) all deductions; (4) net wages earned; (5) the inclusive dates of the period for which the employee is paid; (6) the name of the employee and his or her social security number (last four digits); (7) the name and address of the legal entity that is the employer; and (8) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. California Labor Code § 1174 further requires that such payroll records be kept in a central location.

34. Labor Code § 226(e) further provides that if an employer knowingly and intentionally fails to provide a statement itemizing, among other things, the total hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

35. Furthermore, the applicable IWC Wage Orders require Defendants to maintain time records showing, among other things, when the employee begins and ends each work period, meal periods, split shift intervals and total daily hours worked in itemized wage statements, and must show all deductions and reimbursements from payment of wages, and accurately report total hours worked by Plaintiff.

36. As alleged herein, Defendants routinely required Plaintiff to work overtime hours but failed to pay Plaintiff all compensation earned, including overtime, in violation

- 6 -

COMPLAINT

of the Labor Code. Defendants further failed to provide Plaintiff with premium compensation for missed meal and rest periods as required by the Labor Code. Thus, Defendants have knowingly and intentionally failed to comply with the Labor Code on each and every wage statement that should have been provided to Plaintiff including by failing to accurately state the total number of hours worked, the gross wages earned, and the net wages earned.

37. By failing to keep accurate records and provide such records to Plaintiff as required by Labor Code §§ 226(a) and 1174, Defendants have injured Plaintiff and made it difficult to calculate the unpaid wages earned and due to Plaintiff. Moreover, Defendants' failure to comply with Labor Code § 1174 is unlawful pursuant to Labor Code § 1175.

38. As a consequence of Defendants' willful failure to provide Plaintiff with accurate records as required by Labor Code § 226(a), Plaintiff is entitled to damages, reasonable attorney's fees, and costs pursuant to Labor Code § 226(e) in an amount to be determined at trial according to proof.

## SIXTH CAUSE OF ACTION
### Unfair Business Practices in Violation of
### Business & Professions Code §§ 17200 et seq.
### (Against Defendant and DOES 26-50)

39. Plaintiff hereby incorporates by reference the allegations in the above paragraphs as though fully set forth herein.

40. Business & Professions Code § 17203 provides "[t]he court may make such orders or judgments . . . as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of unfair competition."

41. Business & Professions Code § 17204 provides for suits for injunctive relief to be brought by both public officials and private attorneys: "Actions for injunction

pursuant to this chapter shall be prosecuted by . . . a person who has suffered injury in fact and has lost money or property as a result of the unfair competition."

42. Defendants' policies and practices of willfully and unfairly, fraudulently or unlawfully failing to pay employees for all hours worked; failing to pay overtime wages; failing to authorize or permit meal and rest periods or pay premium compensation in lieu thereof; failing to timely pay all wages, and failing to provide employees with accurate, itemized wage statements violate California law. Further, Defendants' policy and practice of failing and refusing to pay wages due and owing to its employees and Plaintiff at the time of termination violates California law.

43. Defendants' policies and practices constitute unfair, fraudulent, or unlawful business practices that violate Business and Professions Code §§ 17200 et seq. Upon information and belief, Defendants, and each of them, did these acts for the specific purpose of denying wages to their employees and to convert and otherwise use the wages in question for their own personal benefit, and thereby achieve operating and profit objectives in a manner that violates the law.

44. Plaintiff is informed and believes and based theron alleges that Defendants threaten to, and unless restrained, will (1) continue to wrongfully use and convert wages of their employees for their own personal use and benefit; and (2) wrongfully use and convert the wages due and owed to Plaintiff for their personal use and benefit. The acts and omissions of Defendants, as alleged above, will irreparably harm Plaintiff, Defendants' employees and the general public.

45. Wherefore, Plaintiff seeks injunctive relief enjoining Defendants from continuing its unfair, fraudulent or unlawful policy and practice, and seeks appropriate relief available under the California Unfair Business Practices Act.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. For general damages and compensatory damages in an amount according to proof, together with prejudgment interest;

2. For special damages;

3. For compensatory damages according to proof, including past and future lost earnings and other employment benefits;

4. For prejudgment and post judgment interest;

5. For all damages and penalties available for violations of the Labor Code;

6. For all damages available for violations of the Business and Professions Code;

7. For an award of attorney's fees pursuant to Labor Code § 226, 1194, 2802, and any other applicable provisions of California statutory or common law;

8. For costs of suit incurred;

9. For punitive and exemplary damages, according to proof; and

10. For any other and further relief as the Court deems just and proper.

Dated: June 25, 2018                                DAILY ALJIAN LLP

By: _____
Justin E. D. Daily
Attorneys for Plaintiff,
RAHJE PARKER

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

Dated: June 25, 2018                                DAILY ALJIAN LLP

By: _____
Justin E. D. Daily
Attorneys for Plaintiff,
RAHJE PARKER

**CM-010**

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Justin E. D. Daily (SBN 209772)
Daily Aljian LLP
100 Bayview Circle, Suite 5500
Newport Beach, CA 92660
TELEPHONE NO.: 949.861.2524    FAX NO.: 949.269.6364
ATTORNEY FOR *(Name):* Plaintiff Rahje Parker

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN BERNARDINO
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS: 247 West Third Street
CITY AND ZIP CODE: San Bernardino 92415
BRANCH NAME: San Bernardino District - Civil Division

**FOR COURT USE ONLY**

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUN 28 2018

BY _____
JACQUELINE HARNESS, DEPUTY

**CASE NAME:**
Rahje Parker v. Kindred Healthcare Operating, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ✓ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CIVDS1816331<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
✓ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation** (Cal. Rules of Court, rules 3.400–3.403)
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ✓ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✓ monetary  b. ✓ nonmonetary; declaratory or injunctive relief  c. ✓ punitive
4. Number of causes of action *(specify):* 6
5. This case ☐ is ✓ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 6/27/18
Justin E. D. Daily
(TYPE OR PRINT NAME)                                       (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

San Bernardino District - Civil
247 West Third Street

San Bernardino, CA. 924150210

-------------------------------------------------------------------

CASE NO: CIVDS1816331

DAILY ALJIAN LLP
100 BAYVIEW CIRCLE
STE 5500
NEWPORT BEACH CA 92660

NOTICE OF TRIAL SETTING CONFERENCE

IN RE: PARKER -V- KINDRED HEALTHCARE

THIS CASE HAS BEEN ASSIGNED TO: Thomas S. Garza IN DEPARTMENT S27 FOR ALL PURPOSES.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference at the court located at 247 WEST THIRD STREET SAN BERNARDINO, CA 92415-0210.

    HEARING DATE: 12/28/18 at 8:30 in Dept. S27

DATE: 06/28/18 Nancy Eberhardt, Court Executive Officer
                                                            By: JACQUELINE HARNESS

-------------------------------------------------------------------

CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above listed address. I am not a party to this action and on the date and place shown below, I served a copy of the above listed notice:
( ) Enclosed in a sealed envelope mailed to the interested party addressed above, for collection and mailing this date, following standard Court practices.
( ) Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above, or as shown on the attached listing.
(✓) A copy of this notice was given to the filing party at the counter
( ) A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file stamped documents.

Date of Mailing: 06/28/18
I declare under penalty of perjury that the foregoing is true and correct. Executed on 06/28/18 at San Bernardino, CA

                                                            BY: JACQUELINE HARNESS

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

Rahje Parker

CASE NO.: CIVDS1816331

vs.

**CERTIFICATE OF ASSIGNMENT**

Kindred Healthcare Operating, Inc.

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the Civil Division of the San Bernardino District of the Superior Court under Rule 404 of this court for the checked reason:

☒ General  ☐ Collection

| Nature of Action | Ground |
|---|---|
| ☐ 1. Adoption | Petitioner resides within the district |
| ☐ 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ 3. Contract | Performance in the district is expressly provided for. |
| ☐ 4. Equity | The cause of action arose within the district. |
| ☐ 5. Eminent Domain | The property is located within the district. |
| ☐ 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ 9. Mandate | The defendant functions wholly within the district. |
| ☐ 10. Name Change | The petitioner resides within the district. |
| ☐ 11. Personal Injury | The injury occurred within the district. |
| ☐ 12. Personal Property | The property is located within the district. |
| ☐ 13. Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ 14. Prohibition | The defendant functions wholly within the district. |
| ☐ 15. Review | The defendant functions wholly within the district. |
| ☐ 16. Title to Real Property | The property is located within the district. |
| ☐ 17. Transferred Action | The lower court is located within the district. |
| ☐ 18. Unlawful Detainer | The property is located within the district. |
| ☐ 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ 20. Other Employment | Place of Employment. |
| ☐ 21. THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT | |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

| Kindred Healthcare Operating, Inc. | | 550 N. Monterey Ave. | |
|---|---|---|---|
| NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | | ADDRESS | |
| Ontario | CA | | 91764 |
| CITY | STATE | | ZIP CODE |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on June 27, 2018 at Newport Beach, California.

_[signature]_
Signature of Attorney/Party

CERTIFICATE OF ASSIGNMENT

13-16503-360,
Rev 06-2014 Mandatory



# Superior Court of California-County of San Bernardino

## ALTERNATIVE DISPUTE RESOLUTION

**What is Alternative Dispute Resolution?**
There are different processes available to settle lawsuits that do not require a trial. In Alternative Dispute Resolutions (ADR) a trained, impartial person decides disputes or helps the parties reach resolutions of their disputes for themselves. These persons are *neutrals*, who are normally chosen by the disputing parties or the court.

**Advantages of ADR**
- Often faster than going to trial.
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing the parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to a remedy.
- ADR can be used, even after a lawsuit, if the result is appealed.

**Disadvantages of ADR** - ADR may not be suitable for every dispute.
- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error if by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR: Mediation and Arbitration**

### Mediation

In mediation, the mediator (*a neutral*) assists the parties in reaching a mutually acceptable resolution of their dispute.
- Unlike lawsuits or some other types of ADR, the parties, rather the mediator   decide how the dispute is to be resolved.
- ADR is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other.
- ADR can be particularly effective when parties have a continuing relationship, such as neighbors or businesses.
- ADR can be also very effective where personal feelings are getting in the way of a resolution.

### Arbitration

In arbitration, the arbitrator (*a neutral*) reviews evidence, hears arguments, and makes a decision (*award*) to resolve the dispute. This is very different from mediation whereby the mediator helps the parties reach their own resolution. Arbitration may be more informal, quicker, and less expensive than a trial.

There are two types of arbitration in California:
- Private arbitration by agreement of the parties involved in the dispute. This type takes place outside of the court and normally is binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an opportunity to appeal the decision.
- Judicial arbitration ordered by the court. The arbitrator's decision is not binding unless the parties agree to be bound. A party who does not like the award may file a request for trial with the court within a specified time. However, if that party does not receive a more favorable award at trial, the party may have to pay a penalty.

## More Information

There are several other types of ADR. Some of these include conciliation, settlement conference, fact finding, mini-trial, Victim Offender Reconciliation Program, and summary trial jury. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type of ADR that is most likely to resolve your particular dispute.

The selection of a neutral is also an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals.

Agreements reached through ADR normally are put into writing and, if the parties wish, may become binding contracts that can be enforced by the court.

ADR can be used to resolve disputes instead of filing a lawsuit. Even after a lawsuit has been filed, the court can refer the dispute to a neutral. ADR has also been used to resolve disputes even after trial, when the result is appealed.

You may wish to seek the advice of an attorney as to your legal rights and matters relating to the dispute before pursuing ADR.

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;

- Contact the local bar association, or;

- Look in a phone directory under mediation or arbitration services.

The following alternate dispute resolution service providers are under contract with the County of San Bernardino to provide services for the listed types of matters under referral by the Court at no or low cost. The contractors may also provide additional mediation services outside of their contracts with the County.

*Civil, family law (except custody and support)*
*Landlord-tenant, unlawful detainers, small claims:*
Program Director: Lynne Anderson, Executive Director
City Center Building
Inland Fair Housing & Mediation Board
10681 Foothill Boulevard, Suite 101
Rancho Cucamonga, CA 91730
909-984-2254 or 800-321-0911
Fax: 909-460-0274
www.ininedbd.com